Frank M. EDWARDS, Jr.

v.

Denny Eves REYNAUD.

Frank M. EDWARDS, Jr.

v.

UNITED STATES of America and Denny E. Reynaud.

Civ. A. Nos. 76–2000, 77–3542.

United States District Court, E. D. Louisiana, Section "I".

Jan. 23, 1979.

James A. McPherson, New Orleans, La., for plaintiff.

Herbert R. Alexander, Bogalusa, La., Gerard Smolin, Jr., Civil Division, Dept. of Justice, Washington, D. C., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., for defendants.

JACK M. GORDON, District Judge.

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion of defendants, United States of America and Denny Eves Reynaud, for summary judgment dismissal of these consolidated civil actions. After a thorough review of the record, the memoranda of counsel, and the applicable law, the Court has decided to grant the motion for the following reasons.

Plaintiff has sued defendants for the following alleged violations of his constitutional rights. Between March, 1975, and December, 1975, plaintiff was the Sheriff of Tangipahoa Parish, Louisiana, and he was running for reelection. Also at that time, defendant Reynaud was an agent for the Department of Treasury, Division of Alcohol, Firearms, and Tobacco, and was investigating plaintiff for suspected violations of

federal law, pursuant to orders from the United States Attorney for the Eastern District of Louisiana, who was at that time Gerald J. Gallinghouse. Plaintiff alleged that in the course of this investigation, defendant Reynaud maliciously interfered with plaintiff's constitutional right to run for public office by using the investigation to defame plaintiff, and thus harm his chances for reelection as Sheriff of Tangipahoa Parish.

Plaintiff alleged that defendant Reynaud turned the federal investigation into an "inquisition," that he leaked grand jury testimony to the press, that he defamed plaintiff, and that he attempted to commit assault and battery against the plaintiff, as well as attempting false arrest and imprisonment. Plaintiff further alleged that these actions of defendant Reynaud occurred prior to and during the first primary election, and that the ill effect the activities had on plaintiff's reputation caused plaintiff to have to go through a second primary, at a cost of $50,000.00, which would not have been necessary but for the actions of Denny Reynaud. Plaintiff was reelected as Sheriff; however, he alleges that in addition to the $50,000.00 of added campaign costs necessitated by defendant's actions, he suffered $3,950,000 of compensable damages for mental anguish and loss of reputation.

With respect to the alleged liability of the United States of America, plaintiff avers that the United States was negligent in hiring and supervising Reynaud, whom plaintiff alleges to be an incompetent, both emotionally and mentally unsuitable for his duties, which defects resulted in the alleged violations of plaintiff's rights.

Defendants have moved for summary judgment dismissal of these actions on the ground of immunity, as to defendant Reynaud, and on the ground that no actionable tort has been stated such as to impose liability on the United States under the Federal Tort Claims Act. Detailed memoranda, as well as affidavits and transcripts from prior court proceedings, were attached to defendants' motion in support of these contentions. The facts asserted in defendants' submissions have been in no way contradicted or distinguished by the plaintiff, nor has the plaintiff supplied the Court with any additional facts to aid in its ruling, other than the conclusory allegations outlined in the two complaints, and recited above. Therefore, for the purposes of the defendants' motion for summary judgment, the Court accepts the facts as submitted by defendants, and finds that there is no genuine material issue of fact, and that judgment dismissing the complaints is warranted as a matter of law.

The undisputed facts concerning defendant Reynaud's actions are these: From March, 1975, through November, 1975, Agent Reynaud was assigned to an investigation of alleged violations of a combination of federal gun, liquor and gambling laws in Tangipahoa Parish. Included in this investigation was the inquiry into allegations of the unlawful interstate transportation of a sawed-off shotgun, the production of illicit whiskey, and illegal gambling. In addition, Agent Reynaud participated in the investigation of alleged federal offenses involving various public officials in Tangipahoa Parish, including the plaintiff herein. While conducting these investigations, defendant Reynaud provided information regarding various state and federal offenses to the Attorney General's Office of the State of Louisiana, and its Strike Force, the F.B.I., and the I.R.S., the United States Attorney for the Eastern District of Louisiana, and the United States Department of Justice Organized Crime Strike Force in New Orleans, Louisiana.

On November 4, 1975, "Little Johnny's Place," a restaurant on Highway 51, between Hammond and Ponchatoula, Louisiana, was raided by a band of three men, brandishing automatic shotguns, who assaulted several of the restaurant patrons. The then United States Attorney for the Eastern District of Louisiana, Gerald J. Gallinghouse, ordered Agent Reynaud to conduct a full-scale investigation of the incident.

In response to that order, Agent Reynaud met on November 9, 1975, with one Speck Calmes, who told Reynaud that there were people who wished to speak with him concerning the alleged federal law violations. Accordingly, Mr. Calmes took Reynaud to the home of one Al Bigner, where an interview was conducted with Mr. Bigner, Mr. Calmes, a Gene Tallo and a Jerry Morgan. On November 17, 1975, also at Mr. Bigner's home, Agent Reynaud re-interviewed Bigner, Calmes and Tallo. The second interview of November 17, 1975, was held at the request of Bigner and the others, and it was tape-recorded by plaintiff without Reynaud's knowledge. Plaintiff was not present at any of these interviews, and defendant Reynaud did nothing between March, 1975, and December, 1975, except as outlined above.

With respect to the liability of defendant Reynaud for the money damages claimed here, it is asserted by movers that the uncontested facts show that the actions of Reynaud during the time period in question were all within the outer perimeters of his official duties as an agent for the Department of Treasury, Division of Alcohol, Firearms, and Tobacco. Therefore, defendant claims the absolute immunity to which federal agents are entitled when they are accused of state law torts committed in the exercise of their federal authority. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Specifically, defendant asserts that when the allegations in the complaint are read in their most favorable light against the undisputed facts of the case, the inescapable conclusion is that there has been no violation of any constitutional right of the plaintiff, but at best a possible state law tort of defamation, from which defendant is absolutely immune from liability. *Barr v. Matteo,* ibid.; *Butz v. Economou,* —— U.S. ——, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Expeditions Unltd. v. Smithsonian,* 566 F.2d 289 (D.C.Cir. 1977), cert. den. —— U.S. ——, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).

With respect to the possible liability of the United States, the government contends that there can be no liability under the Federal Tort Claims Act, because the acts alleged in the complaint are exempt under 28 U.S.C. § 2680(h). Furthermore, even if defendant Reynaud's actions could be construed as having violated a constitutional right of the plaintiff, which the United States denies, there is no liability for that violation under a theory of respondeat superior. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

In response to the lengthy factual documentation supplied by the defendants, and the weight of the law cited in support of their arguments, plaintiff filed the following three-paragraph opposition, but only after numerous continuances and extensions of time, reluctantly granted by this Court over the last seven months:

## MEMORANDUM IN OPPOSITION TO MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT

### MAY IT PLEASE THE COURT:

Agent Reynaud had exceeded the permissible perimeters of his legitimate duties in his actions to defeat the re-election of Sheriff Edwards. The failure of the government to supervise and monitor the activities of Agent Reynaud is a separate, independent, actionable tort on behalf of the federal government.

The recent case of *Daniels v. Kieser,* 7 Cir., 586 F.2d 64 although re-affirming prosecutorial immunity leaves open the actions against federal agents for their tortious conduct outside the perimeters of their legitimate duties, as well as the failure of the government to properly supervise, monitor and restrain the illegitimate activities of a renegade agent.

Plaintiff requests permission to supplement this memorandum within the next five (5) days.[1]

1. This motion was originally scheduled for oral argument in May, 1978, and was continued to July 19, 1978, at plaintiff's request. At that time plaintiff had filed no opposition memo with the Court as required by Local Rule 3.7, but counsel requested permission at the oral

After reviewing the authorities cited by the parties, the Court concludes that defendants' position is the correct one.

In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Court held that federal investigative officers had only a qualified good-faith immunity with respect to violations of constitutional rights committed by them in the course and scope of their official duties. However, the Court in *Butz* upheld the prior ruling in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), that when a federal official commits only a state tort, and not a constitutional tort, when acting within the course and scope of his official duties, he then enjoys an absolute immunity from damage suits, irrespective of alleged malice or ill will. In the present consolidated actions, defendant Reynaud was at all times acting within the course and scope of his official duties as a federal investigative officer.[2] Therefore, because he was an investigative officer, Reynaud would enjoy only a qualified good-faith immunity if it has been alleged or shown that he violated a constitutional right of the plaintiff. No such "constitutional tort" is present here.

■ The only colorable claim to a constitutional violation is plaintiff's allegation respecting an interference with his "right to run for public office." To be sure, candidacy for office is one of the ultimate forms of political expression in our society, and is therefore a right protected by the First Amendment, although the Supreme Court has not yet declared it to be a fundamental right. *Morial v. Judiciary Commission of the State of Louisiana*, 565 F.2d 295, 301 (5th Cir. 1977), cert. den. 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395, citing *Bullock v.*

*Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972). Thus, it has been held that candidacy restrictions are invalid on constitutional grounds where the effect of the restriction is to exclude candidates of an identifiable group or viewpoint, for example, the poor, *Lubin v. Panish*, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974); *Bullock v. Carter, supra; Turner v. Fouche*, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), or minority parties, *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

However, it is clear from the facts alleged by plaintiff that he was not prevented from becoming a candidate, or getting on the ballot, by defendant Reynaud, for he alleges that Reynaud's actions occurred *during* his candidacy, causing him, allegedly, to have to suffer through a second primary. In fact, not only was the "right to run" preserved in this case, but plaintiff even *won* the election! Thus, there has been *no* violation of the First Amendment right to run for office.

■ Furthermore, the Constitution protects only the right to run for office in the sense of getting on the ballot. There is no constitutional right to run for office without public criticism of a candidate's qualifications for the office he seeks. Public criticism of a candidate at best constitutes a state law claim for defamation, for which there may be First Amendment defenses. See, *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971).

■ Since there has been no violation of any constitutional right of the plaintiff, but only a possible statement of a claim for defamation against defendant Reynaud, he is absolutely immune from damages under the holdings of *Butz v. Economou*, and *Barr v. Matteo, supra*. See, also the recent deci-

argument for time to file a memorandum subsequent to the argument. Permission was granted by minute entry of July 19, 1978, for plaintiff to file its opposition within 15 days, after which time the matter was to be taken under submission.

Despite numerous telephone requests by the Court, counsel for plaintiff did not file its opposition until the cited paragraphs were supplied on January 3, 1979. Although request was made therein to supplement within five days, no such supplement was ever received. Since

counsel made no argument at the hearing that is not included in the "memo," the Court can only conclude that this is the best that plaintiff can come up with.

2. Although plaintiff argues in one conclusory sentence that Reynaud's actions went beyond the scope of his authority, plaintiff has not contradicted the numerous facts and authorities supplied by defendants which show that Reynaud clearly was within the outer perimeters of his official duties.

sion in *Evans v. Wright*, 582 F.2d 20 (5th Cir. 1978).[3] Accordingly, the two complaints against Reynaud should be dismissed.

■ The United States is a defendant only in Civil Action No. 77–3542. Since the Court has found no constitutional tort, there is no need to reach the implications of *Monell, supra*, with respect to respondeat superior liability. Thus, the United States can be held liable, if at all, if the claims presented are cognizable under the Federal Tort Claims Act.[4]

The Federal Tort Claims Act provides for a waiver of sovereign immunity in suits against the United States for torts committed by federal employees. However, there are certain exceptions provided for in 28 U.S.C. § 2680(h) which reads:

§ 2680. Exceptions

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

As amended Mar. 16, 1974, Pub.L. 93–253, § 2, 88 Stat. 50. Thus, to the extent that plaintiff has stated a cause of action for defamation, or libel and slander, it is exempted by § 2680(h) and cannot be asserted against the United States.

Nevertheless, because Reynaud was an investigative officer, § 2680(h) would permit the United States to be sued for torts of assault and battery, false arrest, or false imprisonment committed by him. However, the complaint alleges only *attempts* to commit these torts, and not the torts themselves. Therefore, the United States cannot be sued for the cause of action alleged, and the complaint against it should likewise be dismissed.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that the defendants' motion be and is hereby GRANTED, and that judgment be entered in favor of defendants and against the plaintiff, Frank M. Edwards, Jr., DISMISSING the complaints in Civil Actions Nos. 76–2000 and 77–3542.

---

3. With respect to the only decision cited by plaintiff in his opposition memorandum, *Daniels v. Kieser*, 586 F.2d 64 (7th Cir. 1978), the Court has read that decision, and notes that it only reiterates the law as set forth above. Furthermore, contrary to plaintiff's assertions in his "memo," the decision has nothing whatsoever to do with the failure of the government to "supervise" a "renegade agent."

4. Although plaintiff contends that failure to supervise Reynaud is a separate, actionable tort on the part of the United States, he has supplied the Court with absolutely no authority for this proposition, and the Court therefore considers it to be without merit.