**Evelyn GARCIA, Eloise Garcia, and Thomas Garcia, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Unknown Superior Officers of Daniel Torres I Through XX of U.S. Army, Daniel Torres, Defendants-Appellees.**

No. 85–2244

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1985.

David W. Showalter, Pamela J. Prince, Bellaire, Tex., for plaintiffs-appellants.

Henry K. Oncken, U.S. Atty., Samuel G. Longoria, C.J. (Neil) Calnan, James R. Gough, Michael J. Brown, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The Garcias sued the federal government and its agencies under the Federal Tort Claims Act alleging negligence in the su-

pervision of a military recruiter who is alleged to have engaged in sex acts with Evelyn Garcia, a young potential recruit. The district court dismissed the complaint holding that the government has not consented to claims arising out of assaults and batteries. We affirm.

I

Because this is an appeal from dismissal under Rule 12 we accept the Garcias' statement of facts. Evelyn Garcia was a student at a high school in Houston, Texas and was interested in an Army ROTC scholarship. Daniel Torres worked in the Army's recruiting office across the street from the school. Torres invited Evelyn to training sessions in his office to prepare her for the examination needed for the scholarship. Over a period of weeks, Torres made sexual advances toward Evelyn. As a result of her encounter with Torres, she has suffered severe mental and emotional problems.

Evelyn and her parents filed a complaint alleging that the United States and Sgt. Torres's superior officers were negligent in their supervision of Torres, and attempting to state a claim for damages under the FTCA, 28 U.S.C.A. §§ 2671 et seq. The government urges that it has not consented to a suit for assault or for any claim for negligence that arises from an assault. The FTCA in pertinent part provides that "[T]he provisions of this chapter and section 1346(b) of this title shall not apply to—(h) *Any* claim arising out of assault, battery,...." 28 U.S.C.A. § 2680 (West 1965 & Supp.1985) (emphasis supplied). We are persuaded that this provision applies to this case and that the Garcias' complaint was properly dismissed.

II

1

The Garcias' argue that they might, with discovery, develop that Evelyn's injury resulted from the negligent supervision of Torres by his superior officers and that a claim for negligence can therefore be main-

tained under the FTCA. The Fourth and Tenth Circuits have rejected claims of negligent supervision, concluding that they are captured by the "arising from" language of the proviso. The Tenth Circuit, in *Naisbitt v. United States*, 611 F.2d 1350, 1355 (10th Cir.), *cert. denied*, 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), stated that a plaintiff could not circumvent the policy of § 2680(h) by simply alleging negligence on the part of the government. That court reaffirmed its position in *Wine v. United States*, 705 F.2d 366, 367 (10th Cir.1983). There a plaintiff sued the government for the negligent supervision of an off-duty airman who sexually assaulted her. The court rejected the claim as an effort to circumvent the provisions of § 2680(h). *See also Hughes v. Sullivan*, 514 F.Supp. 667 (E.D.Va.1980) *aff'd sub nom. Hughes v. United States*, 662 F.2d 219 (4th Cir. 1981) (per curiam).

The Third Circuit in *Shearer v. United States*, 723 F.2d 1102 (3d Cir.1984), *rev'd* —— U.S. ——, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), concluded that a claim was stated despite § 2680(h). The court said that while the claim resulted from an intentional tort, it was grounded in negligence. *Id.* at 1106–07. *See also Gibson v. United States*, 457 F.2d 1391 (3d Cir.1972). *Shearer* was reversed with four (Powell, J., did not participate) Justices rejecting that reasoning, explaining that:

> Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery by a Government employee.

*Shearer v. United States*, —— U.S. ——, 105 S.Ct. 3039, 3042, 87 L.Ed.2d 38 (1985) (emphasis in original).

2

Our reading of the proviso has been uneven. In *United States v. Shively*, 345 F.2d 294 (5th Cir.1965), we concluded that:

... appellee's claim here is a "claim arising out of assault," which is, in those words, specifically excepted from recovery under the Federal Court Claims Act, 28 U.S.C. § 2680(h). It is not necessary to the ruling here, and we do not determine whether every assault intervening between a shown negligence of the United States and injury to third parties is barred under the Federal Court Claims Act by this exclusionary language. *Id.* at 297 (Citation omitted).

In *Shively* the negligence of the government was not a proximate cause of the harm. The following year in *Underwood v. United States*, 356 F.2d 92 (5th Cir. 1966), we reversed a dismissal of a claim against the government for its negligence in issuing a weapon to an unstable soldier who used it to kill his wife. The government in *Underwood*, did not rely on § 2680, and the *Underwood* panel distinguished *Shively* on the basis that in *Shively* the criminal was not a foreseeable tortfeasor. The *Underwood* opinion suggested that, if argued, it would not have found § 2680(h) to be applicable to the situation before it. The panel's heavy reliance on Alabama law in concluding that a shooting was foreseeable and that the government was negligent, together with the government's failure to assert § 2680(h), leaves *Underwood* as an equivocal precedent. As noted, while only four Justices in *Shearer* joined the language interpreting the "arising out of" proviso, the other four Justices did not reject its applicability but joined the decision to reverse on another ground. Such an intervening decision might not be sufficient to free this panel from clear circuit precedent, but it is sufficient to allow our retreat from *Underwood* and its reasoning, now so seriously questioned. We cannot ignore this strong signal from the Supreme Court.

### III

This claim indisputably arose from the contacts between Daniel Torres and Evelyn Garcia to which she gave no legal consent. In a FTCA case, the law of the place applies. 28 U.S.C.A. § 2674 (West 1965).

Applying the law of Texas, the district court found that the actions of Torres constituted sexual assault. Tex. Penal Code Ann. § 22.011 (Vernon Supp.1985). The definition of an assault is the same whether it is the subject of a criminal prosecution or a civil suit for damages. If the relationship was nonconsensual, then it falls squarely within the sexual assault statute. Tex. Penal Code Ann. § 22.011(a)(1)(B) & (C) (Vernon's Supp. 1985).

Arguably, the "arising from" language becomes ambiguous when the asserted claim is for a negligent act which precedes the assault. Does a claim for negligent failure to prevent an assault arise from the assault or from the earlier occurring negligence? While we think the language in context is straight-forward, even if there were ambiguity or uncertainty of application inherent in the language of the proviso, it would not alter the result. The government's waiver of sovereign immunity is to be narrowly read. That principle requires that in reading this proviso to the sovereign's consent to suit any ambiguity is to be resolved against consent. So read, the government has not consented to this suit.

AFFIRMED.