**William F. MELCHIORRI**

v.

**UNITED STATES of America.**

**Civ. A. No. 87–0747–LC.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Dec. 11, 1987.

Chris Smith, III, Smith & Ford, Leesville, La., for plaintiff.

Joseph S. Cage, Jr., U.S. Atty., Thomas B. Thompson, Asst. U.S. Atty., Lafayette, La., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

VERON, District Judge.

This matter comes before the court upon motion of the defendant, United States of America, to dismiss this action for lack of subject matter jurisdiction or alternatively for failure of plaintiff to state a claim upon which relief may be granted.

Because this is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure the court will accept the plaintiff's version of the facts set forth in his complaint as true. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir.1980). The pertinent facts are as follows:

On or about July 6 and 7, 1984 PFC Wade Manami, a member of the United States Army stationed at Fort Polk, Louisiana had in his possession a Browning 9 mm automatic firearm and ammunition for the weapon. The pistol and bullets were kept in Manami's wall locker located in his assigned living quarters in direct violation of Army regulations.

PFC Kraig A. Paul gained possession of the firearm and ammunition from Manami while in the barracks. Sergeant Ralph Murphy, who along with Sgt. Eric Wade exercise direct control and supervision over PFC's Paul and Wade, observed PFC Paul's handling of the firearm in the barracks in violation of Army regulations.

Sergeant Murphy warned Paul that his actions were in violation of Army regulations but failed to either confiscate the weapon from Paul or take any other action to prevent Paul's illegal possession of the firearm. At the time in question PFC Paul was intoxicated. Furthermore, Sgt. Murphy knew or should have known of Paul's intoxication.

Paul subsequently traveled from the Fort Polk military installation to the nearby city of Leesville, Louisiana bringing along with him the gun he had obtained from Manami. Paul then proceeded to enter several bars and lounges in Leesville with the weapon concealed on his person. Paul eventually arrived at a bar known as the "Three Sisters." It was at this bar that the plaintiff William Melchiorri, employed as a policeman with the Leesville City Police Department, picked up Paul and in the course and scope of his duties as police officer, transported Paul to the Leesville City Police Department building. Upon entering the building, Paul drew the concealed pistol and shot the plaintiff in the left leg causing serious and permanent injuries to the plaintiff.

The plaintiff filed suit against the United States under 28 U.S.C. § 2671, otherwise known as the Federal Tort Claims Act (FTCA) alleging negligence on the part of the United States Army and in particular Sgts. Murphy and Wade for failure to discover and confiscate the weapon in question, and for failing to detain PFC Paul upon discovery of the weapon. The complaint further alleges that the Sergeants were negligent in allowing Paul to retain possession of the weapon, and in failing to inform others in authority that Paul and/or Manami were illegally in possession of the gun.

The United States of America now submits its motion to dismiss pursuant to Rule 12(b)(1) and, in the alternative, Rule

12(b)(6). Since a federal court may not adjudicate the merits of a claim, much less entertain a Rule 12(b)(6) motion to dismiss that claim, when the court lacks subject matter jurisdiction, see *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir.1981) and *Menchaca v. Chrysler Credit Corp., supra*, this court is obligated to first dispose of the defendant's motion to dismiss under Rule 12(b)(1). For, if the court finds it lacks jurisdiction, it can proceed no further.

The United States contends that the plaintiff's claim arises out of an assault or battery and, therefore, falls under 28 U.S.C. 2680(h), an exception to the Federal Tort Claims Act. The defendant alleges that since the FTCA is a waiver of sovereign immunity, and since the plaintiff's claim falls under an exception to that waiver, the federal court lacks jurisdiction over this claim because the government has not given its consent to be sued by Mr. Melchiorri. This court must agree.

It is well settled, and the plaintiff does not dispute that where conduct complained of falls under one of the statutory exceptions to the FTCA, the district court is without jurisdiction of the subject matter thereof. *Stanley v. Central Intelligence Agency, supra, Satterfield v. United States*, 788 F.2d 395 (6th Cir.1986); 5 Wright and Miller *Federal Practice and Procedure* § 1350 (West Supp. 1987). (The defense that a claim is barred by sovereign immunity also may be raised by a motion under Rule 12(b)(1) since the court has no jurisdiction over an action against the United States unless the government has consented to be sued).

What plaintiff does dispute is the defendant's contention that the plaintiff's claim falls under the purview of 28 U.S.C. 2680(h) thereby necessitating a dismissal on grounds that the court lacks the power to adjudicate the claim. The plaintiff would have the court believe that section 2680(h) is not applicable to his claim for two basic reasons.

First, plaintiff contends that his complaint does not seek to recover for the intentional tort of assault and battery, but rather seeks to recover on the theory of antecedent negligence on the part of the assailant's supervisors. Secondly, plaintiff argues that his claims cannot fall under the FTCA exception for intentional torts inasmuch as the assailant, PFC Paul, was intoxicated at the time of the shooting and therefore lacked the requisite intent necessary to commit a battery. The court supposes that the plaintiff contends that a battery was never actually committed.

■ The plaintiff's first contention can be easily dismissed. It is now well established that the intentional tort exception to the FTCA bars not only claims based on intentional torts but claims based on negligence leading to intentional torts as well. *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985); *Johnson v. United States*, 788 F.2d 845 (2d Cir. 1986).

As explained by the Supreme Court in *Shearer:*

> Respondent cannot avoid the reach of 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault and battery; in sweeping language it excludes any claim *arising out of* assault and battery. *Shearer* at 55, 105 S.Ct. at 3042. (Emphasis in original)

The Fifth Circuit has expressly adopted this view in *Garcia v. United States*, 776 F.2d 116 (5th Cir.1985). The court opined:

> Arguably the 'arising from' language becomes ambiguous when the asserted claim is for a negligent act which precedes the assault. Does a claim for negligent failure to prevent an assault arise from the assault or from the earlier occurring negligence? While we think the language [of 28 U.S.C. 2680(h)] in context is straight-forward, even if there were ambiguity in the language of the proviso, it would not alter the result. The governments waiver of sovereign immunity is to be narrowly read. That principle requires that in reading this proviso to the sovereign's consent to suit, any ambiguity is to be resolved against consent. So read, the government has

not consented to this suit. *Garcia* at 118.

Applying the Supreme Court's dictates of *Shearer*, as expressly adopted by the Fifth Circuit in *Garcia*, it is overwhelmingly clear that 28 U.S.C. 2680(h) applies to the plaintiff's claim which he bases on the theory of antecedent negligence on the part of the supervising sergeants. This is, and should be, the proper result because, as noted in *Garcia*, a government's waiver of sovereign immunity is to be strictly construed. Conversely, an exception to such a waiver must be broadly interpreted and this the Supreme Court has done in *Shearer*. As noted above, the Fifth Circuit, as well as other circuits, has followed suit. This court now follows suit as well. The plaintiff's first argument has no merit under law and therefore must be rejected by the court.

The plaintiff's second argument relies on the fact that the assailant was intoxicated at the time of the shooting. It is argued that because of the intoxication, PFC Paul could not form the requisite intent to commit a battery.

The plaintiff relies primarily on *Gibson v. United States*, 457 F.2d 1391 (3rd Cir. 1972). The *Gibson* court suggested that subsection 2680(h) might not apply because the assailant was under the influence of narcotics and therefore that "the requisite mental element necessary for battery may well be absent." 457 F.2d at 1396. Whether Melchiorri's claim is outside the scope of the Federal Tort Claims Act ... depends solely upon what Congress meant by the language it used in § 2680(h). *United States v. Neustadt*, 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961). *Neustadt* distinguishes between the law to be applied in construing subsection 2680(h) which is the law according to "established tort definitions ... in 1946." *Id.* at 707, 81 S.Ct. at 1301, and the law to be applied in the event the suit is not barred by subsection 2680(h), which would be the substantive tort law of the place where the act or omission occurred. *Spaulding v. United States*, 621 F.Supp. 1150, 1153 (D.C.Me.

1985) (citing *Neustadt* at 706 n. 15, 81 S.Ct. at 1300 n. 15).

■ In other words, where the United States excepts itself from certain liabilities, as in Section 2680 of the FTCA, the exceptions must be interpreted under general law rather than the peculiar interpretation of any state. *Stepp v. United States*, 207 F.2d 909, 911 (4th Cir.1953). This rule makes good sense since the FTCA and the exception thereto were passed by the Congress rather than any particular state legislature.

■ Therefore, the only question to be resolved is whether an injury inflicted by an intoxicated assailant fits the definitions of assault and battery as appreciated by Congress in 1946, the time of the enactment of subsection 2680(h). Neither party questions the fact that had the assailant, Paul, not been intoxicated, a battery would have occurred. Therefor, unless intoxication historically (remember we are attempting to ascertain the intent of Congress in 1946) is either a defense to the intentional tort of battery or, in and of itself precludes one from committing a battery, this court will be forced to conclude that a battery was committed and reject plaintiff's second argument.

This court is unaware of any cases directly on point. However, at least two courts have addressed the issue of whether an insane person is capable of committing a battery for the purpose of 28 U.S.C. 2680(h) and both courts have answered the question in the affirmative. See *Miele By Miele v. United States*, 800 F.2d 50 (2d Cir.1986) and *Spaulding v. United States, supra.* The reasoning set forth in both cases is applicable here.

Historically, one who suffers from deficient mental capacity is not immune from tort liability. W.L. Prosser, *The Law of Torts* § 135 (4th Ed.1971). Just as insanity has never been considered as either a defense to, or an immunity from, intentional tort liability, neither has intoxication. In fact, only recently, such as in *Gibson*, have courts begun to entertain the idea that intoxication may destroy the mental element required for intentional torts. This is

due in part to the intoxication defense which is available for many crimes which require specific criminal intent. The defendant must recognize this since the United States points out to the court that the assailant, PFC Paul, plead guilty to a criminal charge of aggravated battery arising out of this incident and reminds the court that under Louisiana law battery is a crime requiring only general intent and, is thus not subject to the defense of intoxication. Although, as stated above, state law pertaining to civil or criminal battery is not the proper law to be applied here, it demonstrates why some courts have considered the possibility of using intoxication as a means of avoiding the reaches of § 2680(h).

After an exhausting search this court has failed to uncover even one case or comment which would have suggested that Congress contemplated that intoxication of the assailant would serve to crumble the wall of sovereign immunity erected by Congress with the passage of section 2680(h).

This, coupled with the Fifth Circuit's suggestion in *Garcia* that any ambiguity be resolved against consent and in favor of sovereign immunity, compels this court to likewise conclude that PFC Paul's intoxication on the night in question did not result in the government's consenting to be sued. Therefore, the plaintiff's second argument is also found to be without merit.

Accordingly, defendant's 12(b)(1) motion is GRANTED, the court is powerless to entertain the 12(b)(6) motion, and plaintiff's claim is dismissed for lack of jurisdiction over the subject matter of this lawsuit.