John DOE, Jane Doe, and Mary Doe

v.

UNITED STATES of America.

No. Civ.A. G–99–689.

United States District Court, S.D. Texas, Galveston Division.

Feb. 10, 2000.

Joel M. Androphy, Berg & Androphy, Houston, TX, for plaintiffs.

Jeffrey L. Karlin, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

In March of 1997, the U.S. Attorney's Office for the Southern District of Texas posted a "News Release" on its website which falsely asserted that Plaintiffs had been indicted by a federal grand jury on charges of mail fraud and money laundering. Plaintiffs filed the present action on November 8, 1999, seeking money damages from the United States under two causes of action: invasion of privacy and intentional infliction of emotional distress. Now before the Court is Defendant's January 11, 2000 Motion to Dismiss. Pursuant to Fed.R.Civ.P. 12(b)(1), the United States contends that this Court lacks subject matter jurisdiction over this action because the federal government has not waived sovereign immunity for these intentional torts. For reasons explained more fully below, Defendant's Motion is **GRANTED,** and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

### I. Factual & Procedural Summary

Plaintiffs are associated with various temporary labor companies, and were the targets of a four year mail fraud investigation by the Federal Bureau of Investigation. The FBI apparently suspected Plaintiffs of acting to defraud various workers' compensation insurance providers as well as their own customers.

On March 21, 1997 the U.S. Attorney's Office for the Southern District of Texas posted a "News Release" on its website which indicated that some of the Plaintiffs had been charged with ten counts of mail fraud and with aiding and abetting each other in committing mail fraud. In addition, the News Release indicated that one of the Plaintiffs had been indicted on one count of money laundering. The New Release identified Plaintiffs by name, and referred to them as "Houston area residents."

In fact, none of the Plaintiffs were ever indicted as a result of the FBI's investigation. The United States concedes that the News Release falsely asserted that Plaintiffs had been indicted for violations of federal law which carried substantial criminal penalties.

On March 22, 1999 Plaintiffs, pursuant to 28 U.S.C. § 2401(b) and § 2675(a), presented an administrative claim to the United States Department of Justice. The United States took no action on the administrative claim within the six month time period specified in § 2675(a). Consequently, on November 8, 1999 Plaintiffs initiated the present suit seeking money damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

In their original Complaint, Plaintiffs asserted two causes of action, both of which focused solely on the publication of inaccurate information on the government's web page. The first cause of action is styled "Constitutional violation—invasion of privacy." Plaintiffs complain that the New Release "inaccurately publicized a litany of private facts," and that "being falsely labeled a criminal defendant is a matter that concerns the Plaintiffs' private lives." Plaintiffs go on to complain that the "publication of Plaintiffs' private facts is highly offensive to a reasonable person of ordinary sensibilities because of the stigma and embarrassment created by false reports of being indicted."

The second cause of action is intentional infliction of emotional distress. Plaintiffs complain that Defendant's conduct was "extreme and outrageous" and "beyond all bounds of decency." The government's conduct consisted of intentionally posting "on an international web page, an announcement that plaintiffs had been indicted by a federal grand jury, and as a consequence faced extensive terms of incarceration." Moreover, Plaintiffs assert that this conduct was "the legal and proximate cause of the emotional distress that the plaintiffs suffered, which was severe and is still continuing."

## II. The Analytical Standards

■ Defendant has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1), contending that this Court lacks subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc., v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984); *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex. 1995).

A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010; *Benton v. United States,* 960 F.2d 19, 20 (5th Cir. 1992). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010 (standard applied in context of Rule 12(b)(1)); *Home Capital Collateral Inc. v. FDIC,* 96 F.3d 760, 764 (5th Cir.1996) (applying standard in context of Rule 12(b)(6)); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994) (Rule 12(b)(6)). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

It is well settled that the United States, as sovereign, is immune from suit unless it consents to be sued. *See FDIC v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir.1993). Plaintiffs are suing the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2679(a) (the "FTCA"). The FTCA is a limited waiver of sovereign immunity, and the exclusive remedy for tort claims brought against the United States for money damages. *See* 28 U.S.C. §§ 1346(b), 2679(a); *United States v. Smith,* 499 U.S. 160, 161–62, 111 S.Ct. 1180, 1182, 113 L.Ed.2d 134 (1991). Section 1346(b) states, in pertinent part:

[The] district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

When Congress establishes terms and conditions for filing suit against the United States under a waiver of sovereign immunity, "those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983).

There are thirteen specified exceptions to § 1346(b) which preclude government liability for certain intentional torts. *See* 28 U.S.C. § 2680. Because these exceptions are jurisdictional in nature, if a claim falls within the scope of one of these exceptions, the district court lacks subject matter jurisdiction and dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is appropriate. *See Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994). Moreover, "the exceptions that do appear in the FTCA must be strictly construed in favor of the government." *Id.* (citing *Atorie Air, Inc. v. Federal Aviation Admin.,* 942 F.2d 954, 958 (5th Cir.1991)).

Of particular relevance to the present case are the provisions of 28 U.S.C. § 2680(h), which provides an exception to the waiver of sovereign immunity for "any claim arising out of" libel or slander. By its plain language, § 2680(h) precludes a party from suing the United States not just for libel and slander, but also for any claim "arising out of" a set of facts which would support a libel or slander action. Consequently, a plaintiff cannot evade the jurisdictional limitations of § 2680(h) by using generic labels to artfully plead what is, in essence, a libel or slander action. *See Garcia v. United States,* 776 F.2d 116, 118 (5th Cir.1985) (rejecting plaintiff's attempt to evade the jurisdiction exception for assault and battery by labeling his claim as one for "negligence."); *Bosco v. U.S. Army Corps of Engineers,* 611 F.Supp. 449, 453 (N.D.Tex.1985) (dismissing plaintiff's claims because "[t]he Court cannot permit

the obvious attempt by Plaintiffs to circumvent the bar of § 2680(h) by merely relabeling the theory upon which they seek recovery.")

## III. Analysis

The United States contends, and the Court agrees, that § 2680(h), the libel/slander exception to the waiver of sovereign immunity, precludes the existence of subject matter jurisdiction and mandates the dismissal of Plaintiffs' claims. The Court begins by noting that all of Plaintiffs' alleged injuries flow *exclusively* from the government's publication, on a web page, of false information about the Plaintiffs. Plaintiffs' damages arise from reputational injuries, embarrassment, and personal humiliation. Such claims "resound in the heartland of the tort of defamation; the injury is to reputation; the conduct is the communication of an idea, either implicitly or implicitly." *Jimenez–Nieves v. U.S.*, 682 F.2d 1, 6 (1st Cir.1982) (libel/slander exception to FTCA barred plaintiff's claim for damages because Social Security Administration's actions in dishonoring checks implicitly communicated defamatory statements); *see also Williams v. United States*, 71 F.3d 502, 507 (5th Cir.1995) (upholding dismissal of defamation claim against Congressman because no defamation action is permissible under the FTCA).

### A. The § 2680(h) Libel/Slander Exception

As a general matter, the § 2680(h) libel/slander exception is routinely read so as to bar claims arising out of the release of false or inaccurate information concerning the results of criminal investigations. *See Bosco*, 611 F.Supp. at 452–53 (libel and slander exception barred tort claim alleging false light defamation based on the allegation that U.S. Army Corps of Engineers had informed the press that as a result of a criminal investigation, a prospective government contractor lacked a satisfactory record of integrity); *Aversa v.*

*United States*, 99 F.3d 1200, 1213 (1st Cir.1996) (plaintiff's claims were barred by libel/slander exception even though trial judge concluded that conduct of Assistant U.S. Attorney and IRS investigator was "outrageous" in releasing to the media information which erroneously implied that plaintiff was involved in money laundering and tax evasion); *Cooper v. American Automobile Insurance Co.*, 978 F.2d 602, 603 (10th Cir.1992) (claims barred under § 2680(h) libel/slander exception where United States Department of Agriculture gave false information to third parties about plaintiff's involvement in bad check transactions); *Kugel v. United States*, 947 F.2d 1504, 1505–07 (D.C.Cir.1991) (although FBI leaked allegations to plaintiff's clients that plaintiff was involved in mail fraud and FBI subsequently failed to indicate that plaintiff had been cleared of any wrongdoing, court applied libel/slander exception to bar plaintiff's claim for "negligent" conduct of FBI investigation); *Thomas–Lazear v. FBI*, 851 F.2d 1202, 1206 (9th Cir.1988) (dismissing claims against FBI for negligent infliction of emotional distress "because the essence of the claim is the spreading of slanderous statements" which "is thus barred by section § 2680(h)."); *Art Metal–U.S.A., Inc. v. United States*, 753 F.2d 1151, 1155–56 (D.C.Cir.1985) (dismissing plaintiff's "injurious falsehood" claim against General Services Administration for leaking accusations of plaintiff's misdeeds and improprieties to press, because to recognize a "technical and esoteric distinction" between injurious falsehood and libel or slander "would contradict the words and reason of the section 2680(h) exceptions"); *O'Ferrell v. United States*, 968 F.Supp. 1519 (M.D.Ala.1997) (where FBI agents wrongly suspected plaintiffs were involved in series of mail bombings and allegedly leaked their suspicions to media, plaintiffs' false light defamation claims were barred by libel/slander exception); *Hobdy v. United States*, 762 F.Supp. 1459, 1460–62 (D.Kan.1991) (dismissing invasion of privacy claim arising out of communication of

unsubstantiated criminal allegations to plaintiff's employer); *Donio v. United States,* 746 F.Supp. 500, 503 n. 3, 506 (D.N.J.1990) (libel/slander exception rendered government immune from suit based on statement to media by Assistant U.S. Attorney relating to plaintiff's conviction for circulating child pornography); *Gonzalez v. Leonard,* 497 F.Supp. 1058, 1077 (D.Conn.1980) (Immigration and Naturalization Service immune under § 2680(h) exception for dissemination of a telex message erroneously accusing plaintiffs of hatching a plot to ambush and kill police officers); *Zeller v. United States,* 467 F.Supp. 487, 492 (E.D.N.Y.1979) (United States immune from FTCA claim for negligent supervision arising out of a press release which incorrectly implied that plaintiff had violated the Interstate Commerce Act); *Edwards v. Reynaud,* 463 F.Supp. 1235, 1240 (E.D.La.1979) (libel/slander exception barred sheriff's suit against Treasury agent for leaking grand jury testimony to press); *Broome v. Simon,* 255 F.Supp. 434, 439–40 (W.D.La. 1965) (libel and slander exception barred claim arising out of allegations that FBI agents informed various individuals that plaintiff was a dangerous criminal and a member of a criminal ring).

### B. The § 2680(h) "Arising Out Of" Standard

Plaintiffs are familiar with the above cited precedent, and are thus aware that, as a general matter, § 2680(h) precludes suits against the United States for claims of libel and slander. Consequently, Plaintiffs are not so foolish as to label their causes of action as libel or slander claims; instead Plaintiffs use the terms "intentional infliction of emotional distress" and "invasion of privacy." However, if Plaintiffs' claims can properly be said to "arise out of" libel or slander actions, then § 2680(h) renders the government immune from suit, regardless of the terminology employed by Plaintiffs. *See* § 2680(h) (providing exception to waiver of sovereign immunity to "any claim arising out of" libel and slander); *Truman,* 26 F.3d at 594 (If plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action, it is barred, "[e]ven if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h)"); *McNeily,* 6 F.3d at 347; *Garcia,* 776 F.2d at 118 (plaintiff may not artfully plead around limitations of § 2680(h)); *Atorie Air, Inc.,* 942 F.2d at 958 (the limitations and conditions upon which the government consents to be sued must be strictly construed in favor of the government). Thus in order to ascertain the viability of the particular claims asserted by Plaintiffs, the Court must analyze whether these claims "arise out of" libel or slander.

The United States Court of Appeals for the Fifth Circuit has adopted the following test for determining whether a claim "arises out of" a cause of action excepted by § 2680(h). First, "we focus on the conduct upon which the plaintiff's claim is based." *Truman,* 26 F.3d at 594. Second, if the plaintiff's claim can "fairly be read to arise out of conduct that would establish an excepted cause of action," then it is barred by § 2680(h), regardless of how plaintiff chooses to label his claim. *McNeily,* 6 F.3d at 347 (citing *Atorie,* 942, F.2d at 958); *Truman,* 26 F.3d at 594. However, "if a plaintiff bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in section 2680(h), then the plaintiff's suit is not barred." *Truman,* 26 F.3d at 595.

Mixed cases are also possible. A plaintiff may allege government conduct, some aspect of which is barred because it arises out of an excepted tort, other aspects of which are not barred because it does not arise out of an excepted tort. In such a mixed case, the plaintiff is permitted to pursue the distinct claim which does not arise out of the excepted tort; in other words, those aspects of the conduct which fall under § 2680(h) do not taint any conceptually distinct claims based on other aspects of the government's conduct. *See*

*Block v. Neal,* 460 U.S. 289, 298, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983); *Truman,* 26 F.3d at 595 ("So long as some aspect of the conduct upon which a plaintiff bases a tort claim does not constitute a tort listed in section 2680(h), the suit is not barred.").

## C. Intentional Infliction of Emotional Distress

■ Plaintiffs argue that their claims for intentional infliction of emotional distress are not barred by the libel/slander exception of § 2680(h). However, when the court focuses on the conduct upon which Plaintiffs' claim is based, it is apparent that the *only* government conduct complained of is the publication of the erroneous information on the website. Because there is no other wrongful conduct alleged, this cannot be a "mixed case" in which only certain aspects of the government's conduct gives rise to an excepted cause of action. The government's conduct, in *all* aspects, can fairly be read as giving rise to the intentional tort of libel or slander: the government has published, negligently or intentionally, without privilege, false information about the plaintiffs, which may have given rise to a reputational injury. The Court concludes that Plaintiffs' claims for intentional infliction of emotional distress "arises out of" libel/slander, and consequently the § 2680(h) exception bars these claims.

Plaintiffs resist this conclusion by citing to *Truman,* but *Truman* is not authority to the contrary. It is true that the *Truman* court rejected the district court's conclusion that the libel/slander exception barred plaintiff's claim for intentional infliction of emotional distress. *See Truman,* 26 F.3d at 595–596. However, *Truman* was a mixed case fact pattern, and the court analyzed it as such. In *Truman,* the plaintiff alleged she experienced various forms of sexual harassment at the hands of an Air Force employee, James Whittaker. *See id.* at 593. Whittaker allegedly discussed the plaintiff with others in a unflattering manner, accused the plaintiff of being a trouble-maker, told others that the plaintiff wore inappropriate clothing, threatened her with loss of a job, made crude hand gestures while following her, and so forth. *See id.* The trial court focused on the first three allegations and found them to constitute slander. The trial court then erroneously concluded that because *some* of the conduct attributed to the government would give rise to a claim for slander, *all* of plaintiff's claims, including her claim of intentional infliction of emotional distress, were barred by § 2680(h). *See id.* at 596. The Court of Appeals disagreed, noting that certain aspect of defendant's conduct, for example, the crude hand gestures, would not constitute slander. Therefore, because "[o]ther aspects of the conduct [plaintiff] alleged in her amended complaint have nothing to do with the three incidents noted above and plainly do not arise out of slander," plaintiff was entitled to pursue a cause of action based on intentional infliction of emotional distress, despite the fact that other aspects of the defendant's conduct constituted torts excepted under § 2680. *Id.*

In contrast to the situation in *Truman,* Plaintiffs do not allege any government misbehavior other than the publication of the false information on the web page. If, for example, Plaintiffs had alleged that the government performed some outrageous act against Plaintiffs but did so without *publication,* then a element essential to the tort of libel would be missing, and some aspects of the government's conduct could not be said to arise out of libel. *See id.* (rejecting trial court's conclusion that the battery exception of § 2680(h) blocked plaintiff's claims, explaining that "[s]ome offensive contact is an essential element of the tort of battery" and plaintiff "did not allege that any offensive contact directly or indirectly resulted from Whittaker's actions"). In this suit, because *every* aspect of the government's conduct can fairly be read to give rise to a claim of libel or slander, Plaintiffs' claim for intentional in-

fliction of emotional distress is barred in its entirety.

*D. Invasion of Privacy*

■ Plaintiffs' other cause of action is styled "Constitutional Violation—Invasion of Privacy." However, even Plaintiffs concede that a violation of the U.S. Constitution is not, in itself, sufficient to give rise to a claim for money damages under the FTCA. An FTCA claim will only arise if Plaintiffs can demonstrate that the government breached a duty of care imposed by state law, since this satisfies the "law of the place" requirement of § 1346(b). *See Meyer,* 510 U.S. at 477, 114 S.Ct. at 1001 (a constitutional tort claim is not actionable under FTCA); *Johnson v. Sawyer,* 47 F.3d 716, 727 (5th Cir.1995) (en banc) (neither violation of federal law nor the Constitution can provide the basis for a cause of action under FTCA; plaintiff must allege violation of duty imposed by state law).

Plaintiffs respond to the FTCA's "law of the place" requirement by attempting to plead an invasion of privacy action under Texas law. As is made more clear in their Response to Defendant's Motion to Dismiss, Plaintiffs are attempting to plead the state law tort of invasion of privacy by publication of private facts ("IPPPF").

It is useful to conceive of the common law right of privacy as a generic label for four distinct causes of action. *See* WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS 638 (2d ed.1955); RESTATEMENT (SECOND) OF TORTS § 652A (1977); *Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex.1994) (discussing Prosser's four-part taxonomy of the right to privacy). One cause of action attempts to redress injuries resulting from an unreasonable intrusion on a person's seclusion. A second involves the appropriation, for commercial use, of a person's name or likeness. A third involves publicity placing a person in a false light. A fourth, and the one Plaintiffs are here attempting to plead, involves unreasonable

public disclosure of private facts about a person.

Plaintiffs concede that they may not attempt to plead false light invasion of privacy because Texas law does not recognize this tort. *See Cain,* 878 S.W.2d at 578–79; *Johnson,* 47 F.3d at 732 n. 34 (recognizing that Texas law rejects false light invasion of privacy). Moreover, the allegations in Plaintiffs' Complaint clearly do not support a cause of action for the appropriation of a person's name or likeness for commercial gain.

Furthermore, the allegations of the Plaintiffs do not support a cause of action for unreasonable intrusion upon a person's seclusion. The intrusion tort typically involves some sort of *physical* invasion of a person's property, and is thus conceptually a quasi-trespass tort. Intrusions typically involve activities such as spying, opening private mail, wire-tapping, or entering a person's residence. *See Billings v. Atkinson,* 489 S.W.2d 858, 860 (Tex.1973) (recognizing common law cause of action for invasion of privacy where telephone company employee installed wiretap device on customer's phone); *Gonzales v. Southwestern Bell Telephone Co.,* 555 S.W.2d 219, 220, 222 (Tex.Civ.App.—Corpus Christi 1977) (upholding recovery for invasion of privacy where telephone company employee entered plaintiff's unoccupied house without permission and removed phone from bedroom); *Black v. Sheraton Corp. of America,* 564 F.2d 531, 541 (D.C.Cir.1977) (permitting recovery under FTCA where FBI agents illegally planted a bug in plaintiff's hotel room and eavesdropped on private conversations).

Plaintiffs cite *Black* for the generic proposition that Congress intended to permit claims under the FTCA for "invasions of privacy." But the holding of *Black* applies only to the quasi-trespass invasion of seclusion tort. Because Plaintiffs' Compliant focuses solely on the government's publication of false allegations and makes no mention of any sort of physical invasion, the Court finds that Plaintiffs' Complaint

cannot be read to allege an invasion of seclusion tort. The holding of *Black* is thus inapposite.

Having rejected three of the causes of action delineated by Prosser, it is apparent that the only invasion of privacy tort available to Plaintiffs is invasion of privacy by publication of private facts ("IPPPF"). Plaintiffs argue that their Complaint states a cause of action for IPPPF, and cite *Johnson* for the proposition that the libel/slander exception of § 2680(h) does not apply to bar a claim for IPPPF. *See Johnson*, 47 F.3d at 731 (rejecting plaintiff's attempt to recover for IPPPF on grounds that facts publicized were not private, without significant analysis of whether § 2680(h) would independently bar recovery).

■ Assuming, for the sake of argument, the dubious proposition that *Johnson* holds that the § 2680(h) exceptions do not apply to a claim for IPPPF, the Court finds that Plaintiffs have failed to state a claim for this tort. Under Texas law, to state a claim for invasion of privacy by publication of private facts, a plaintiff must allege a) that the publicized information contains highly intimate or embarrassing *facts* about a person's private affairs; b) that such information was communicated to the public at large; and c) that the information is not of legitimate concern to the public. *See Industrial Found. of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 683–85 (Tex.1976) (discussing elements of IPPPF tort); *Johnson*, 47 F.3d at 733 (finding that the facts publicized—plaintiff's middle initial, age, address and job title—were not secret or highly embarrassing facts); *Peavy v. Harman*, 37 F.Supp.2d 495, 522 (N.D.Tex. 1999) (defendant entitled to summary judgment on plaintiff's IPPPF claim because fact that school board official was corrupt was a matter of legitimate public concern).

■ Plaintiffs' Complaint founders on the first requirement. A "fact" is a proposition which correctly describes a state of affairs in the world. To say that something is a "fact" is necessarily to say that it is true. It is for this reason that one never encounters the phrase "false facts," while the phrase "true facts" is a barbarous redundancy.

The tort of IPPPF plainly requires that defendant publish highly intimate or embarrassing *facts*. *See Cain*, 878 S.W.2d at 580 ("The falsity requirement [for false light defamation] is sensible, considering that the 'revelation of private facts' invasion of privacy purports to grant relief for the disclosure of *true statements* that adversely affect the plaintiff.") (emphasis added); *Industrial Found. of the South*, 540 S.W.2d at 683 ("The first requirement for wrongful publication of private information is that the information contain highly intimate or embarrassing *facts* about a person's private affairs") (emphasis added); *Hogan v. The Hearst Corp.*, 945 S.W.2d 246, 250 (Tex.App.—San Antonio 1997, no writ) ("An individual has a right to be free from the public disclosure of embarrassing private *facts* about the individual.") (emphasis added).

Carving out a separate tort to redress the publication of highly intimate private facts is conceptually justifiable. Because truth is a defense to defamation, the tort of invasion of privacy by publication of private facts is necessary to redress an injury which otherwise would be beyond the reach of defamation. *See Jane Doe v. Star Telegram*, 864 S.W.2d 790, 791 n. 1 (Tex.App.—Forth Worth 1993) ("Truth is not a defense to a charge of invasion of privacy by disclosure because falsity is not an element of this cause of action.") *rev'd on other grounds*, 915 S.W.2d 471; *French v. United States*, 55 F.Supp.2d 379, 382 (W.D.N.C.1999) ("Plaintiff's claim does not arise out of defamation; the information disseminated was apparently true."); Frank J. Cavico, *Invasion of Privacy in the Private Employment Sector: Tortious and Ethical Aspects*, 30 Hous.L.Rev. 1263, 1346 (1993) ("Truth is not a defense to the

publicity invasion of privacy tort because the essence of invasion of privacy is disclosure of objectionable private matters."). Thus IPPPF is designed to redress reputational injuries made all the more painful because the public revelations about deeply private and intimate matters are undeniably true.

The Plaintiffs and Defendant agree that the statements made by the government in the press release were *false:* contrary to what the government claimed, it was *not true* that Plaintiffs were indicted for mail fraud and money laundering. Indeed, the government's press release is considered objectionable by Plaintiffs precisely because these statements were false. In their Complaint, Plaintiffs explain that the "publication of Plaintiffs' private facts is highly offensive to a reasonable person of ordinary sensibilities because of the stigma and embarrassment created by false reports of being indicted." However, as just explained, the tort of invasion of privacy by publication of private facts arises only when the defendant publishes *facts,* i.e. true statements, about the plaintiff. Because Plaintiffs themselves label the government's statements as falsehoods, Plaintiffs' IPPPF claim necessarily fails.

A moment's reflection will reveal that Plaintiffs are in a truly untenable rhetorical position. In order to evade the § 2680(h) libel/slander exception, Plaintiffs must argue that IPPPF is a tort so conceptually distinct from the torts of libel or slander that it cannot fairly be said to "arise out of" these excepted torts. Yet they must simultaneously argue that IPPPF is extremely similar to defamation, in that both may apply to the publication of falsehoods.

Plaintiffs do not cite a single case in which falsehoods gave rise to a cause of action for invasion of privacy by publication of private facts. The cases cited by Plaintiffs are all to the contrary. At issue in *Industrial Foundation of the South* were medical records containing highly personal *facts,* e.g. details of a claimant's

sexual assault, claims made on behalf of illegitimate children, claims for pregnancy resulting from failure of contraceptive devices, claims for injuries to sexual organs, and so forth. *See Industrial Found. of the South,* 540 S.W.2d at 683. Likewise, *Johnson* involved the publication of non-public facts that plaintiff had disclosed on his tax form, specifically, his middle initial, age, street address and executive job title. *See Johnson,* 47 F.3d at 734.

The Court concludes that insofar as Plaintiffs have succeeded in stating a cause of action for the government's publication of falsehoods, it is one "arising out of" libel or slander and is thus barred under the libel/slander exception of § 2680(h). Plaintiffs' attempt to evade the libel/slander exception by pleading a cause of action for invasion of privacy by publication of private facts fails. An IPPPF claim requires a plaintiff to allege the disclosure of embarrassing private facts, yet Plaintiffs complain that the government published falsehoods about the results of the criminal investigation.

### IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED.** Plaintiffs' claims for intentional infliction of emotional distress and invasion of privacy are **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. In due course, the Court will enter a Final Judgment on all claims dismissed herein.

**IT IS SO ORDERED.**